# Demarest *versus* McKee et al.

1. Where no time is fixed for payment, a debt is payable presently.
2. Where a debt is presently payable in the stock of a corporation, and the payer delays the payment for a long time, and until the stock becomes valueless, it is such a change of the circumstances existing at the time of the contract, as will in equity relieve the payee from accepting the stock in payment.

ERROR to the District Court of *Allegheny county*.

This was an action of *replevin* by plaintiff in error against McKee and Magill; but the case resolved itself into an entirely different question in the course of the trial. On the 8th of January, Alexander McKee, agreed to sell T. J. Coleman (who afterwards assigned to Demarest) three acres of land for $2400, $400 of which was to be paid in cash, and $2000 in the stock of the Chartiers Coal Company. The debt was presently payable. The coal company failed, and Demarest purchased all its property at sheriff's sale, and its stock became worthless; after which the company closed operations, March 1st, 1854. About August, 1855, Demarest tendered to McKee the money and stock mentioned in the contract—the consideration of the land—and demanded a deed. The court, WILLIAMS, J., directed a verdict for defendant; whereupon this writ of error was taken, and the entry of judgment complained of as error.

[White et al. *v.* Williamson et al.]

*Hamilton,* for plaintiff in error, referred to 10 Watts, 387; 1 Jones, 510; 1 W. & S. 554; 1 Seld. 229; 2 Bos. & P. 238; 2 M. & S. 288; 2 Bl. Com. 296; 10 H. 144.

————, for defendant in error.

The opinion of the court was delivered, March 14th, 1859, by Lowrie, C. J.—Without admitting, we may assume that there is here a contract of sale that equity would enforce, if properly performed by the party asking its enforcement; and that it might, in such circumstances, be set up as title against the vendor's right of distress under a former lease; and this brings us to the question, would equity enforce the contract under this evidence.

It was made in December, 1853, and the chief consideration was $2000 in stock of the Chartiers Coal Company. No time was fixed for payment, and therefore it was payable presently; yet payment was not offered until August, 1855. In the meantime, the coal company had totally failed, and all its effects had been sold out by the sheriff, and the plaintiff became the purchaser, and thus the stock had become utterly valueless. This was such a change of the circumstances existing at the time of the contract, as makes the plaintiff's delay matter of essential importance in equity. The plaintiff held on to his stock, and to the advantages to be gained from it, and from his power as the holder of it, until it became worthless, and then he tendered it. If the company was failing, he ought to have transferred the stock promptly, and then the defendant might have used the corporate power which it conferred, so as to save the company, and his own investment, from the threatened wreck. The contract furnishes no ground of equitable defence.

Judgment affirmed and record remitted.