# Rhoads *versus* Reed.

1. Where a bond is conditioned for the payment of a certain sum, and no time is fixed therein for payment, it is in law a covenant for immediate payment.

2. Where the præcipe for a scire facias refers to the record of a mortgage, the writ may issue thereon, although the scire facias contains no averment as to the time of payment of the debt.

March 17th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

ERROR to the Court of Common Pleas of *Schuylkill county :* Of January Term 1879, No. 159.

Scire facias sur mortgage issued by Henry Reed against Isaac Rhoads. The præcipe for the writ of scire facias was filed on the 9th of May 1877, wherein reference was made to the record of the mortgage by book and page. The mortgage, which was dated August 15th 1868, set forth that said Rhoads " by a certain obligation or writing obligatory, under his hand and seal duly executed, bearing even date herewith, stands bound unto the said Henry Reed in the sum of $6000, conditioned for the payment of the just sum of $3000 until the 1st day of April 1869, with interest at 3 per cent. from the above date, until due and after due, if not paid, to bear 6 per cent. interest for the same without any fraud or further delay, as in and by the said bond recited, obligation and condition thereof, relation being thereunto had, may more fully and at large appear."

On July 2d 1877, judgment was entered against defendant for want of an affidavit of defence, and the damages were assessed at $3405.50. On the 12th November 1877, a writ of levari facias was issued to December term 1877. On the 19th November 1877,

[Rhoads v. Reed.]

after the property had been advertised for sale, the defendant filed an affidavit that the writ of scire facias, issued in above case, set forth no time when the principal or interest on the mortgage became due and payable, and on the same day the court granted a "rule on plaintiff to show cause why the judgment in above case should not be stricken off or opened for matters appearing on the record." This rule was made returnable in one week. The court made no order to stay proceedings upon the writ of levari facias, and the property was sold on the 1st day of December 1877, to the plaintiff, and on the 17th December 1877, a rule was granted to show cause why the acknowledgment of the deed by the sheriff should not be disallowed and the sheriff's sale set aside for the reason that on 19th November 1877, a rule had been granted at the instance of defendant to show cause why the judgment should not be set aside, which rule was pending and undetermined when the sheriff's sale of the real estate of defendant took place.

On January 5th 1878, the court discharged both rules and the sheriff acknowledged his deed to plaintiff. Defendant took this writ, assigning for error the entry of judgment for plaintiff and discharging the rules.

*Benjamin W. Cumming,* for plaintiff in error.—The scire facias showed on its face no immediate cause of action. It omitted to set forth when the alleged debt fell due, arising from the recited conditional obligation. No inference from the date can be drawn as to the time of payment. An averment that one was indebted is not a ground to infer that the debt was then payable. It cannot be intended that a debt presently due was meant from the allegation that it was unpaid. The time of payment is part of a contract. The instrument must be stated in terms or according to its legal effect. A scire facias answers both the purposes of a writ and declaration, and it must show on its face an immediate cause of action to warrant judgment thereon by default: Swift et ux. *v.* Allegheny Valley Building Association, 1 Norris 142. In the present case, the obligation is conditioned for the payment of $3000, but no inference from the date of the indenture can be drawn as to time of payment. It cannot fairly be intended that a debt presently due was meant. It is submitted that justice requires that when a plaintiff resorts to a judgment by default, he should not violate an essential rule of pleading, by omitting to state when the obligation falls due, and that, if he does omit this necessary statement, *he is as much in default as the defendant,* and therefore is not entitled to judgment.

*G. R.* and *S. H. Kaercher,* for defendant in error.—In Kennedy *v.* Ross, 1 Casey 256, the court below, though no copy of the bond or mortgage had been filed, and the præcipe simply referred to the

[Rhoads *v.* Reed.]

mortgage, upon a motion for judgment for want of an affidavit of defence, resorted to the accompanying bond for the purpose of construing the recitals in scire facias and mortgage, which left it very obscure as to whether anything was due at the time the writ was issued. Notwithstanding this, the court below granted judgment for want of an affidavit of defence, and the Supreme Court affirmed the same.

In the present case the præcipe refers to the place of record of the mortgage; there is no ambiguity in the recitals of the mortgage, and it plainly appears the principal debt was due and payable eight years before suit brought. The scire facias averred that the debt " with interest thereof, as yet remains unpaid." The Act of 14th April 1851, sect. 14, Pamph. L. 625, authorizing the entry of judgment for want of an affidavit of defence, in actions, inter alia, of scire facias on mortgages, did not require a copy of the mortgage to be filed. In McConeghy *v.* Kirk, 18 P. F. Smith 201, it was held that where a copy of a note was filed in an action against an endorser, the presumption was that all necessary steps were taken to fix liability, and it was not essential to aver presentment, demand, &c. The defendant must so aver in his affidavit of defence, if such steps have not been taken.

The judgment of the Supreme Court was entered March 31st 1879,

PER CURIAM.—The præcipe for the scire facias on the mortgage referred to the record which gave the defendant all necessary information, as the Act of the 14th of April 1851, Pamph. L. 625, did not require a copy of the mortgage to be filed. Besides, the scire facias set out the mortgage, reciting a bond conditioned for the payment of $3000, which in law means forthwith, and the scire facias issued ten years from the date of the mortgage. If the mortgage was not due and ripe for a scire facias, it was for the defendant to aver it in an affidavit of defence.

Judgment affirmed