# Harrison *v.* Atlee, Appellant.

*Sale—Sale of bonds—Loan—Interest.*

1. Where a sale of bonds is accompanied by an agreement in writing by the vendor with the vendee that "we will carry the above bonds for you charging interest at the rate of six per cent," the agreement does not constitute an obligation on the part of the vendor to carry the bonds for the vendee, so long as the vendee pays six per cent on the purchase price, but it constitutes either a demand loan, or at the most an agreement for the postponement of the payment for the bonds, for a reasonable length of time.

2. In such a case where the vendors carry the bonds for fourteen months, and sell them after notice to the vendee, and then bring an action to recover the difference between the contract price and the price brought at the sale, and the vendee in his affidavit of defense raises no question as to the reasonableness of the time, the vendor will be entitled to judgment for want of a sufficient affidavit of defense.

Argued Oct. 9, 1908. Appeal, No. 16, Oct. T., 1908, by defendants, from order of C. P. No. 1, Phila. Co., Dec. T., 1907, No. 1,298, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles C. Harrison, Jr., to the use of Charles C. Harrison, Jr., Harry W. Harrison and Stephen Fuguet, copartners, trading as Charles C. Harrison, Jr., & Company, v. George B. Atlee and Wilson Woelpper, copartners, trading as George B. Atlee & Co. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a contract.

From the record it appeared that plaintiff sold to defendant certain bonds as shown by the following letter:

"PHILADELPHIA, September 7, 1906.

"Dear Sirs:

"This will confirm sale to you to-day of eleven thousand ($11,000) dollars Philadelphia and West Chester Traction Co. General Mortgage 4% Bonds, interest January and July, due 1954, at 93 and interest. It is understood that we will carry the above bonds for you charging interest at the rate of 6%.

"Will you please also confirm this transaction, and oblige

"Very truly yours,

"[Signed] CHAS. C. HARRISON, JR.,

"Per Stephen Fuguet.

"Messrs. Geo. B. Atlee & Co.,

"119 South Fourth St.,

"Philadelphia."

Subsequently the plaintiff repurchased some of the bonds. On November 8, 1907, plaintiffs tendered the balance of the bonds to the defendants, but the latter refused to take them up. On November 14, 1907, the defendants were notified that the bonds were to be sold on November 20, 1907, and on that date they were sold for eighty-five per cent of their face value. Suit was then brought against the defendants to recover the difference between the contract price and the price realized at the sale.

Defendants' affidavit set up payment of all interest due up to date of sale.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Wm. Clark Mason,* of *Mason & Edmonds,* for appellants.— The contract constitutes an agreement on the part of the vendor to carry said bonds for vendee, so long as vendee pays six per cent on the purchase price: Singerly v. Thayer, 108 Pa. 291; Seeley v. Welles, 120 Pa. 69; Boiler Works v. Schnader, 155 Pa. 394; Nelson v. Von Bonnhorst, 29 Pa. 352.

If, however, we assume, for the sake of arguing the other theory upon which judgment may have been entered, that the

law will require the termination of this contract within a reasonable time, it still follows that the judgment was erroneously entered by the learned court below: Shepler v. Scott, 85 Pa. 329; Wright v. Gas Co., 2 Pa. Superior Ct. 219; Muskegon Curtain-Roll Co. v. Keystone Mfg. Co., 135 Pa. 132; Iron City Commercial College v. Kerr, 3 Brewster, 196.

*Malcolm Lloyd, Jr.,* with him *Reynolds D. Brown* and *Charles H. Burr,* for appellees.—A loan of money is payable on demand, where no time for payment is fixed: Colburn v. First Baptist Church, 60 Mich. 198 (26 N. W. Repr. 878); Rhoads v. Reed, 89 Pa. 436; Demarest v. McKee, 2 Grant, 248; Bank of Columbia v. Hagner, 26 U. S. 455; Agens v. Agens, 50 N. J. Eq. 566 (25 Atl. Repr. 707).

OPINION BY HENDERSON, J., February 26, 1909:

The defendants plant their defense on an inference which they draw from their contract with the plaintiff. They undertake to distinguish this contract from others relating to the payment of the price of chattels where no time is fixed for such payment because of the provision in the agreement that the plaintiff would "carry the above bonds" at the rate of six per cent interest. The effect of this is said to be to create a liability on the part of the vendor to carry the loan indefinitely at the option of the defendants. It would appear from the terms of the agreement that it was understood between the parties that the price of the bonds was to be charged against the defendants and the bonds held by the plaintiff as security for the payment of the debt. It would seem, also, that the transaction implied further negotiation as to the time during which the loan was to be carried or that the parties had in view a custom between brokers not disclosed in the contract or the affidavit of defense. It would follow as a legal consequence of the extension of credit to the defendants that they became liable to pay interest for the time the indebtedness existed, and the rate of interest named is only that which the law would fix in the absence of any agreement of the parties. It is a rule which the appellants do not controvert that where no time is specified in a note or

other obligation for the payment of money the parties are presumed to have intended that the money should be payable immediately: Demarest v. McKee, 2 Grant, 248; Rhoads v. Reed, 89 Pa. 436; Bank of Columbia v. Hagner, 26 U. S. 455. When the sale was completed and the defendants were charged on the plaintiff's books with the purchase price of the bonds the title to the latter vested in the defendants, subject to the payment of the purchase money, and the obligation to pay on demand arose. This presumption is not overcome by the provision for the payment of interest. An agreement to lend money without a period fixed at which repayment is to be made is not an agreement for a perpetual loan although the parties may have stipulated that while the indebtedness existed interest should be paid. To hold that this contract was an agreement on the part of the plaintiff that he would never call for the payment of the debt as long as the interest was paid is to attach to it a condition not expressed in the letters passed between the parties, nor inserted into the contract by legal implication. A provision so unusual in a contract should be clearly set forth. The authorities cited by the appellants do not sustain their position. In Singerly v. Thayer, 108 Pa. 291, it was expressly agreed that the machinery installed by the plaintiff was warranted satisfactory in every respect, and the court very properly held that where there was an agreement to furnish an article to the satisfaction of the purchaser it was not a compliance with the contract to prove that he ought to have been satisfied. Nelson v. Von Bonnhorst, 29 Pa. 352, was a case in which the plaintiffs sued on a sealed instrument in which the defendant bound himself to pay "whenever in my opinion my circumstances will enable me to do so." Such an obligation created no legal duty enforceable at law because it was agreed that the debtor should be judge of the time when he was able to pay. The defendant was relieved by the very terms of the contract. The view of the contract under consideration most favorable to the appellants is that it provided for the postponement of the payment for the bonds for a reasonable length of time and this, the plaintiff alleges in the declaration, was allowed. It was not until after the lapse of fourteen

months from the purchase by the defendants that the plaintiff's assignees sold the securities and applied the proceeds on the debt. This was done after demand for payment and after notice to the defendants that the bonds would be so sold at a date named unless they were redeemed in the meantime. There is no denial in the affidavit of defense that the time allowed the defendants was not a reasonable time and there is nothing in the transaction from which it might be inferred that such was the case. There is no question of fact raised by the pleadings, therefore, on which an appeal could be made to a jury. What is a reasonable time for the performance of a contract is ordinarily a question of fact for a jury where a dispute is raised on that question. But as that controversy is not raised here by the affidavit of defense the case cannot be disposed of as if there were such an issue.

We think the case was properly decided and the judgment is affirmed.