## Rhone, Trustee, *v.* The Keystone Coal Company, Appellant.

*Contracts—Bonds—Time of payment—Presumption—Set-off—Statute of limitations.*

1. Where no time is specified in a note or other obligation, for the payment of money, the parties are presumed to have intended that the money should be payable immediately.

2. A debt, which on its face appears to have been barred by the statute of limitations, cannot be used as a set-off, without evidence to take it out of the statute.

3. In an action of scire facias sur mortgage where it appeared that the bond and mortgage were payable, not at any fixed date, but at such time as the board of directors of the mortgagor should determine, and the action was instituted eighteen years after the date of the bond and mortgage, the trial judge did not err in charging that after such a lapse of time the presumption was that the bond was due and payable and that the burden was upon the defendant to show that it was not payable; and in giving binding instructions for the plaintiff when defendant did nothing to meet that burden.

4. In such case, it was not error for the court to exclude evidence tending to show a set-off, based upon the alleged liability of one of the assignees of the mortgage to the mortgagor, where it appeared that such alleged liability, if it existed, was barred by the statute of limitations.

Argued April 15, 1915. Appeal, No. 158, January T., 1915, by defendants, from judgment of C. P. Luzerne Co., October T., 1907, No. 1047, on verdict for plaintiffs, in

case of Henrietta R. F. Baker, assigned to and now to the use of D. L. Rhone, trustee of W. D. Loomis, John A. Opp, and John A. Schmitt, and W. D. Loomis, John A. Opp, Viktoria Schmitt, executrix of the last will and testament of John A. Schmitt, deceased, v. The Keystone Coal Company, a corporation, defendant, Viktoria Schmitt, The Traders Coal Company, a corporation, and The Hillside Coal & Iron Company, Terre-tenants. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Scire facias sur mortgage. Before CUMMINGS, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $14,640, and judgment thereon. Defendants appealed.

*Errors assigned,* among others, were in directing a verdict for plaintiffs.

*F. W. Wheaton* and *E. G. Butler,* with them *P. F. O'Neill,* for appellants.—When the time of payment of a debt is to be fixed by the debtor, the obligation may be a moral, but is not a legal obligation to be enforced by legal remedy: Nelson v. Von Bonnhorst, 29 Pa. 352; Carbon Spring Water Ice Company v. Hawk, 29 Pa. Superior Ct. 13; Singerly v. Thayer, 108 Pa. 291-299; Lippincott's Est., 21 Pa. Superior Ct. 214-217; Northwestern Insurance Company v. Phœnix Oil & Candle Co., 31 Pa. 448-450; Smith v. Weaver, 41 Pa. Superior Ct. 253-256.

*William S. McLean, Jr.,* with him *J. Q. Creveling* and *William S. McLean,* for appellees.—There was a legal presumption that after the lapse of eighteen years the bond and mortgage were due and payable, and in the absence of evidence to rebut this presumption, the plaintiffs were entitled to binding instructions.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

This proceeding was a scire facias sur mortgage. The Keystone Coal Company gave its mortgage to secure a bond in the sum of $12,000, but by payments the indebtedness was reduced to $8,000, prior to the date, when the writ of scire facias was issued. It appears from the record that the mortgage which bears date May 8, 1889, recites that it was given to secure the payment of a bond, payable not at a certain fixed date, but at such time as the board of directors should determine. The original bond and mortgage have been lost and could not be produced at the trial. In their statement of claim, the plaintiffs averred distinctly that the bond and mortgage were due and payable. At the trial they offered in evidence the record of the mortgage, and made proof of the loss of the original bond and mortgage. They also showed the assignment. At the request of counsel for plaintiffs the court affirmed a point, as follows: "The mortgage on which suit is brought having been given to secure payment of a bond therein referred to and bearing even date with the mortgage, viz: 8th May, 1889, for $12,000, and it not appearing in evidence in this case that any date was fixed in said bond as the date of maturity thereof, the bond being lost, under the evidence as presented in this case, there arises a legal presumption that the bond had become due and payable and collectable prior to the date of the institution of this action of 1907, after a lapse of eighteen years from the date of the bond and mortgage." We see no error in the affirmance of this point. The indebtedness was admitted, and the defendant company had made partial payments which reduced the amount due on the bond to $8,000. This appears from another point, which was affirmed by the trial judge, as follows: "Under the uncontradicted evidence in this case, there was unpaid on said bond and mortgage, on the fifth day of February, 1900, the sum of $8,000, with interest from December 1st, 1899, and it not appearing that any payment on account thereof has

been made since that date (5 February 1900), the plaintiffs, if entitled to recover, are entitled to a verdict for $8,000 with interest from first day of December, 1899." The trial judge placed upon defendants the burden of showing that the bond had not matured, when the writ of scire facias was issued, and as they did nothing to meet that burden, he gave binding instructions in favor of the plaintiffs. We think he was justified in this action, taking into consideration the admitted indebtedness, the length of time it had existed, and the payments which were made in reduction thereof. The rule as to mortgages is laid down in 2 Jones on Mortgages (6th Ed.) sec. 1174, as follows: "In general the right of action (foreclosure) accrues upon the nonpayment of the principal or interest at the time fixed for payment...... If no time of payment is fixed, the debt is payable on demand, and the right to enforce it accrues immediately." The same rule is somewhat differently stated in 1 Wiltsie on Mortgage Foreclosure (3d Ed.) sec. 53, as follows: "Where a note or bond secured by mortgage, is given for the payment of a specified sum of money, but no time is fixed for such payment, the law supplies the omitted element and makes the debt due immediately." The latter statement is supported by authorities from most of the jurisdictions of the United States. To the same effect is the recent case of Harrison v. Atlee, 38 Pa. Superior Ct. 241, where HENDERSON, J., says (p. 243) : "It is a rule which the appellants do not controvert that where no time is specified in a note or other obligation for the payment of money the parties are presumed to have intended that the money should be payable immediately: Demarest v. McKee, 2 Grant 248; Rhoads v. Reed, 89 Pa. 436; Bank of Columbia v. Hagner, 26 U. S. 455. ......An agreement to lend money without a period fixed at which repayment is to be made is not an agreement for a perpetual loan although the parties may have stipulated that while the indebtedness existed interest should be paid. To hold that this contract was an

agreement on the part of the plaintiff that he would never call for the payment of the debt as long as the interest was paid is to attach to it a condition not expressed in the letters passed between the parties, nor inserted into the contract by legal implication. A provision so unusual in a contract should be clearly set forth." If, therefore, the bond be considered as one in which no time for payment was fixed, it would be payable immediately. If the board of directors were to fix the time of payment, they would be obliged to fix a reasonable time, and in the absence of proof to the contrary, the presumption is that they did so, and that such time did not extend beyond eighteen years from the date of the obligation. In several of the assignments of error complaint is made of the exclusion of evidence tending to show a set-off, based upon an alleged liability of one of the assignees of the mortgage, to the Keystone Coal Company, the mortgagor, for an unpaid stock subscription, and for stock issued gratuitously. But if any such liability existed it apparently arose in March, 1887, and recovery thereon would be barred by the statute of limitations. It is settled that a claim of set-off more than six years old, is barred by the statute: Morrison v. Warner, 200 Pa. 315; State Hospital for Insane v. Philadelphia County, 205 Pa. 336. In Taylor v. Gould, 57 Pa. 152, it was held that a debt which on its face appears to be barred by the statute of limitations cannot be used as a set-off, without evidence to take it out of the statute. The evidence was, therefore, properly refused as immaterial. The fact that Mr. Schmitt was a creditor of the defendant company had no relevancy, as that would not give him priority over the mortgage. Nor does the fact that Mrs. Schmitt is named both as party plaintiff and defendant in the action, affect in any way the liability of defendants or the right of plaintiffs. The effort of defendant seems to be to deny present liability on the obligation, rather than to escape ultimate responsibility. The position taken by counsel for appellants is technical

in the extreme, and in none.of the assignments of error are we able to discover any substantial merit. They are all overruled, and the judgment is affirmed.