## D'Orazio v. Masciantonio, Appellant.

Argued September 29, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Fred B. Trescher,* of *Kunkle, Trescher & Snyder,* for appellant.

*Wm. M. Kahanowitz,* with him *Theodore Levin,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 23, 1942:

This action was instituted by a scire facias sur mortgage. The jury rendered a verdict for the defendant (as it did also in a former trial of the same action). Plaintiff made a motion for judgment n. o. v. which was granted. The court also entered a decree that "no execution issue on the judgment until the expiration of six months from the date of the decree." This appeal followed.

The mortgage on which the writ issued was given by Antonio Masciantonio and his wife, Giuditta, to two mortgagees bearing respectively the same names as the mortgagors. The mortgage was for $3,900 and was dated March 19, 1925, and was payable in three years from date with interest at 6%, payable semi-annually. The only survivor of the mortgagors and mortgagees, the husband mortgagor, later married Mary Masciantonio, named in these proceedings as terre tenant. The plaintiff herein is the executrix of the estate of the wife mortgagee. The sum claimed was $3,200 with interest from September 14, 1939.

The defense to the scire facias sur mortgage is a written agreement under seal, dated July 27, 1935, between Giuditta Masciantonio, surviving mortgagee, party of the first part, and Antonio Masciantonio, surviving mortgagor and his second wife, Mary Masciantonio, as parties of the second part, and made binding upon the heirs, executors, administrators and assigns of Giuditta Masciantonio. This agreement recited, inter alia, the mortgagor's "difficulties in making payment of the principal owing to the mortgagees, . . . and the desire of the surviving mortgagee, that the mortgagor

430

. . . should not lose said property but that he should
be permitted to make payment of the principal sum
owing as soon as he is able." Paragraph 3 of this agree-
ment on which the defense relies reads as follows: "In
the event as aforesaid of the death of the said Giuditta
Masciantonio before the said principal sum of Three
Thousand Two Hundred ($3,200.00) Dollars, with in-
terest from March 14, 1935, is paid, then as long as
Antonio Masciantonio, the mortgagor, and/or Mary
Masciantonio, his wife, their heirs or assigns, shall con-
tinue to pay interest at the rate of Three (3%) Per Cent
per annum on the balance of the said principal debt, in
accordance with the terms hereinabove set forth, then
the said mortgage shall not be considered in default,
neither can the holder or holders of said mortgage, the
heirs, executors, administrators or assigns of Giuditta
Masciantonio proceed to foreclose the same, either by
foreclosing on the mortgage or on the bond accompany-
ing said mortgage as long as such interest is paid." It
is conceded that this agreement is to be construed as a
part of the mortgage itself. The court below said:
"Perusal of the whole agreement clearly indicates that
the debt was to be paid some time"; and it held that
that meant within a *reasonable* time and that since the
mortgage was "over 17 years old" and that "almost
seven years" had elapsed since the execution of the sup-
plementary agreement of July 27, 1935, the debt had
*not* been paid in a reasonable time and plaintiff was
therefore entitled to judgment.

There is a line of cases which hold that when no time
is fixed for the payment of a debt, the debt is payable
on demand and the right to enforce it accrues immedi-
ately. Three of these cases are *Rhone, Trustee, v. Key-
stone Coal Co.,* 250 Pa. 336, 95 A. 530, and *Wilker v.
Jenkins,* 88 Pa. Superior Ct. 177, and *Harrison v. Atlee,*
38 Pa. Superior Ct. 241, all cited in the opinion of the
court below. These cases are easily distinguishable from
the case now before us. In the agreement above cited

there is, in respect to the principal, not merely an omission of the *time* of payment; there is also an omission of any *requirement* of payment. In unequivocal language the parties agreed that as long as 3% interest was paid "on the balance of the principal" the mortgage "shall not be considered in default" and no foreclosure could be resorted to. That is an agreement the parties had a legal right to make. It in no way contravenes public policy.

In the whereas clause of the agreement it is declared that "it is the desire of the mortgagees . . . that the mortgagor . . . should not lose the property but that he should be permitted to make payment of the principal sum owing as soon as he is able". While this clause indicates that the mortgagees expected the mortgagors to pay the debt when they would be able to do so, it left them to be the sole judge of their ability to pay it. The agreement pleaded reduced the mortgagors' obligation to a moral one, as was the case in *Nelson v. Von Bonnhorst*, 29 Pa. 352. There one Nelson by an instrument in writing agreed to pay $1,071.46 to S. F. Von Bonnhorst & Company whenever in his opinion "circumstances will be such as to enable" him "so to do". This court held that the debtor was made the sole judge of his ability to pay and that the obligation to pay was "merely a moral one". This court said: "If it is reasonable for a man to release a debt altogether, surely it is reasonable to release the remedies for a debt, not itself released, as is done in covenants not to sue . . . We cannot . . . make a contract for the parties that is contrary to their plain intention . . ." In discussing the case just cited the Superior Court in *Harrison v. Atlee*, supra, said: "The debtor was relieved [of the legal duty to pay the principal debt] by the very terms of the contract", whereas in the case the Superior Court was deciding "the payment for the bonds" which the plaintiff agreed to "carry" at the rate of six per cent was under "the view of the contract . . . most favorable to the appellants" (defendants) an agreement only "for the postponement of

the payment for the bonds for a reasonable length of time", and this length of time was allowed. The case of *Nelson v. VonBonnhorst,* supra, has never been overruled and it is the law of the instant case. It is in harmony with the rule of interpretation of contracts laid down in Vol. I, section 235a of the Restatement of the Law of Contracts, to wit: "The ordinary meaning of language throughout the country is given to words unless circumstances show that a different meaning is applicable."

Judgment reversed and is here entered for the defendant on the verdict.