**Signal Consumer Discount Company v. Pirt**

*Harry L. Lentchner,* for plaintiff.
*Sanford S. Finder,* for defendant.

TERPUTAC, *J.,* June 19, 1980—Confronting the court in this case is the issue whether summary judgment should be entered in favor of plaintiff in accordance with Pa.R.C.P. 1035.

On December 7, 1979 plaintiff, Signal Consumer Discount Company, a Pennsylvania corporation, filed a complaint in mortgage foreclosure against Earl L. Pirt and Patricia Ann Pirt, his wife, demanding judgment in the amount of $3,537.32.[1]

On April 12, 1977 defendants as mortgagors executed and delivered to plaintiff a mortgage instrument which is the subject of this litigation. At that time the mortgagors owned the premises in fee simple as tenants by the entireties. The real property subject to the mortgage is located in South Strabane Township, Washington County. By the terms of the mortgage, defendants borrowed the sum of $4,649.61 with interest at the rate of 17.75 percent, or a total amount of $6,528, repayable in 48 consecutive monthly installments of $136 commencing May 18, 1977. After defendants had defaulted in making the payments, plaintiff instituted this action. On January 11, 1980 a praecipe for default judgment was filed by plaintiff and judgment was entered against Earl L. Pirt, husband-defendant, in the amount of $3,537.32 for

---

1. Plaintiff alleged that there exists a principal balance of $3,075.93. In addition, plaintiff claims that it is entitled to an attorney's commission of 15 percent of the unpaid balance or the sum of $461.39.

failure to file an answer. However, Mrs. Pirt filed her answer to the complaint, alleging that she had executed the mortgage with her husband and averring in Paragraph 6 of the answer that "it is averred that the defendant, Patricia Ann Pirt, if in default, is an excusable default, all of which is as a result of the actions of the other defendant, Earl L. Pirt." Additionally, in Paragraph 8 of her answer she stated: ". . . on the contrary, it is averred that a notice was sent out in the within action, but that plaintiff agreed to forego while the property was placed for sale, which it has been." The notice referred to in this paragraph is the notice of intention to foreclose mortgage. Subsequently, plaintiff filed its motion for summary judgment.

The only documents before the court at this stage of the proceedings are the complaint in mortgage foreclosure, the answer to the complaint filed by Mrs. Pirt, the praecipe for default judgment and the motion for summary judgment.[2]

Rule 1035(b) permits the entering of a summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Summary judgment is granted only in the clearest of cases, where the right is clear

---

2. Although there are no depositions or affidavits which are ordinarily presented in support of a motion for summary judgment, we must accept the uncontraverted facts and inferences and those facts which are admitted by the defendant. The issue whether the motion might be more appropriately presented as a motion for judgment on the pleadings has not been raised and is not before the court.

and free from doubt. [Citations omitted.] The moving party has the burden of proving the nonexistence of any genuine issue of fact. . . . All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party." Thompson Coal Company v. Pike Coal Company, 488 Pa. 198, 204, 412 A. 2d 466, 469 (1979).

An action of mortgage foreclosure is governed by Pa.R.C.P. 1141 through 1150. Rule 1141 states: "(a) As used in this chapter, 'action' means an action at law to foreclose a mortgage upon any estate, leasehold or interest in land but shall not include an action to enforce a personal liability." Although the foreclosure action is often referred to as an action in rem, this designation is not strictly accurate. Rather, the foreclosure action does not determine title to property. More correctly, this type of proceeding might be better described as "de terris": 3 Goodrich-Amram 2d §1141:1. A mortgage foreclosure is a judgment against the land and it imposes no personal liability upon the mortgagors against whom the judgment is obtained. The sole purpose of the judgment secured through this proceeding is to effect a judicial sale of the mortgaged property. Once the foreclosure sale has taken place, the purpose of the judgment has been fulfilled and is rendered functus officio: A.H. and R.S. Coal Corp. v. United States, 461 F. Supp. 752 (W.D. Pa. 1978); Meco Realty Co. v. Burns, 414 Pa. 495, 200 A. 2d 869 (1964).

In her answer to the complaint, defendant, Patricia Ann Pirt, admits the existence of the mortgage and the subsequent default and she admits that the notice of intention to foreclose was sent to defendants. However, she avers that if she is in default, it is an "excusable default, all of which is as a result of

the actions of the other defendant, Earl L. Pirt." But as we have indicated hereinbefore, the action in mortgage foreclosure imposes no personal liability upon the mortgagors and creates no judgment in personam: Meco Realty Co. v. Burns, supra. Whether the husband or the wife is responsible for the default is immaterial. Consequently, plaintiff is entitled to judgment on the pleadings unless the opposing party has properly raised a defense which is cognizable in this type of action.

In addressing the issue of a proper defense, two factors may be considered. In Paragraph 8 of her answer Mrs. Pirt avers an agreement to "'forego while the property was placed for sale'" on the part of plaintiff company. Except for this bare reference, nothing else appears of record in the proceedings to prove or substantiate this allegation. The parties to a mortgage may agree by separate written agreement to postpone the right to foreclose: D'Orazio v. Masciantonio, 345 Pa. 428, 29 A. 2d 43 (1942). Such an agreement, however, must be supported by consideration and its terms must be reasonably certain: 59 C.J.S., Mortgages §504. We hold that, without more, such an allegation that there is a prior agreement to postpone or in some fashion to limit the rights of the creditor is legally insufficient to bind the moving party. Any defense which purports to cover extraneous agreements or matters which may constitute personal liability on another person is inappropriate in these circumstances: Signal Consumer Discount Company v. Babuscio, 257 Pa. Superior Ct. 101, 390 A. 2d 266 (1978).

An additional factor which militates against the proffered defense is the failure to comply with Rule 1035(d) concerning summary judgment. It seems that "if a moving party makes out a case for sum-

mary judgment, the adverse party may not claim that the averments of his pleadings alone are sufficient to raise a genuine issue to defeat the moving party. Even though the pleadings are verified, their averments must be supplemented by 'specific facts' showing that there is a genuine issue for trial." 2 Goodrich-Amram 2d §1035(d):1. A mere allegation in the defense that there is some indefinable agreement to "forego" foreclosure is in violation of this rule of civil procedure and is insufficient to raise a genuine issue for trial.[3]

Therefore, after reviewing the record before us and considering the standards set forth in Rule 1035, and Thompson Coal Company v. Pike Coal Company, supra, we hold that there is no genuine issue of material fact and that plaintiff is entitled to summary judgment as a matter of law: 2 Goodrich-Amram 2d §1035(b):2. The plaintiff is entitled to judgment in the amount of $3,735.32 including attorney's commission in the amount of 15 percent of the unpaid balance.

## ORDER

And now, June 19, 1980, the motion for summary judgment is hereby granted and judgment is entered in favor of plaintiff, Signal Consumer Discount Company, and against defendant, Patricia Ann Pirt, in the amount of $3,537.32, which sum includes an attorney's commission of 15 percent.

---

3. This same principle applies to the bare averment by Mrs. Pirt that "if in default," she should be excused because it is her husband who was the culpable party. The use of the word "if" as a subordinating conjunction is legally insufficient without the accompanying or clarifying facts specifying the nature of the default.