Orlowski, Appellant, *v.* Moore.

Argued April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John C. Millard,* with him *James G. Callas,* for appellant.

*W. Davis Graham,* with him *C. Doyle Steele,* for appellees.

OPINION BY WOODSIDE, J., June 13, 1962:

This is an appeal from the final decree of the Court of Common Pleas of Armstrong County dismissing the appellant's complaint in equity.

Orlowski, the appellant here, filed the complaint against Mary H. Moore and W. Frank Moore, her husband, and the Apollo Trust Company for the specific performance of a contract for the sale of real estate.

During the year 1959, and prior thereto, the Moores were the owners of a property known as 212-214 First Avenue in Apollo. The Moores offered the property for sale at a price of $5500, and although there were several prospective purchasers, none was willing to pay that price. On September 1, 1959, the property was leased to Orlowski for a period of one year at a rental of $35 per month. The lease agreement was in writing and contained the following provision: "Lessee has the first chance to buy in case of sale of the property." Prior to the execution of the lease, Orlowski was notified that the Moores intended to sell the property upon securing a suitable buyer.

About the middle of January 1960, the Apollo Trust Company advised the Moores that it would purchase the property for $5000. Immediately thereafter, Orlowski was notified that the Moores had a purchaser for the price of $5000 to whom the property would be sold unless Orlowski exercised his right of first pur-

chase. The rent for December and January was not paid on time, and at the time of the payment of the rental in early February, Orlowski was again notified that the property would be sold to another person unless Orlowski arranged for the purchase. At this time, Orlowski notified the Moores that he had attempted to secure a loan from a bank and was unsuccessful, but that he would continue to try to secure the purchase money. On February 10, 1960, the Moores believing that Orlowski could not secure the purchase price, gave an option for the purchase of the property for $5000 to the Apollo Trust Company for a period of 60 days. The trust company exercised the option, and a deed for the property was executed by the Moores and delivered to the trust company on March 9, 1960. After the option was given to the trust company by the Moores, but before they conveyed title, Orlowski notified the Moores that he had secured the purchase money and asked for the conveyance of the property to him.

The facts set forth above are not exactly in accord with the appellant's testimony, but are substantially those found by the chancellor and approved by the court. We have examined the record and have found the necessary evidence to support them.

President Judge J. Frank Graff, in his opinion as chancellor, properly dealt with this case as follows:

"The sole question which arises in this case is whether a reasonable time was given to Orlowski to exercise his right of first purchase. It was unnecessary for the Moores to give Orlowski a written notice that they had secured a purchaser ready and willing to buy, and we are of the opinion that the verbal notice given in the middle of January 1960 was sufficient warning to the plaintiff that the property would be disposed of unless he exercised his right: Wallach, Inc. v. Toll, 381 Pa. 423.

"Where no time is specified for the performance of an act, the law implies that it must be done within a reasonable time, and what is a reasonable time depends entirely upon the circumstances of each case: Detwiler et al. v. Capone et ux., 357 Pa. 495; Barr v. Deiter, 190 Pa. Superior Ct. 454.

"For the reason that the Moores were losing money upon their property, the same had been offered for sale for more than a year prior to the execution of the deed to the Apollo Trust Company. This fact was known to the plaintiff when he became lessee under the lease dated September 1, 1959. It was known to him at the time of the execution of the lease that unless he purchased the property, it would be sold to another suitable person. In view of the fact Orlowski had difficulty in paying the small rental in the amount of $35.00 per month, and that he had on different occasions stated that he was either unable to secure the purchase money or was having difficulty in doing so, the Moores were reasonably led to believe that it would be impossible for him to exercise the right given to him in the lease. He was notified in January that unless he exercised this right, the property would be sold to another person. After this, the defendants Moore waited for a period of at least three weeks prior to giving the right of purchase to the Apollo Trust Company. A short time prior to the granting of the option to the Trust Company, the defendants Moore were reasonably led to believe that he could not secure the purchase money for the reason that he stated to them that he was unable to secure a loan from the bank and did not know what he could do.

"It would be unfair to the Moores to prevent them from securing a purchaser by waiting for a longer period in which the plaintiff Orlowski might secure the necessary money. Under all of the circumstances, we believe that the notice given to Orlowski to purchase

was for a reasonable time prior to the execution of the option to the Trust Company and, therefore, any right which he had under the lease was terminated."

The appellant contends that the defense of extinguishment of appellant's option by notice of a third-party offer was not well pleaded, and should not be considered. He argues at great length that "appellees have neither pleaded nor proved the defense which was sustained by the court below."

We have carefully examined his meticulous argument on this point and concluded that it leads us into the periphery of the issue rather than into the heart of it, and that to relate and discuss it would unduly lengthen this opinion. Judge GRAFF, in his opinion for the court below, sufficiently dealt with the issue in the following language: "In Paragraph 15 of the defendants' Moore Answer, it is specifically pleaded that two weeks or more prior to February 2, 1960, Orlowski was notified that the 'rock bottom' price was five thousand dollars, and at this time the plaintiff was further informed that the property would be sold to someone else unless the plaintiff bought the property promptly. In our opinion, this is a sufficient pleading upon which to base the Finding of Fact, which is substantiated by the testimony of both Moore and Orlowski, to the effect that there was another purchaser available at a price of five thousand dollars to whom the property would be sold unless the plaintiff exercised his option."

Decree affirmed at cost of appellant.