In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 4, Section 30.

Estate of Stanley Croop, Deceased *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

306

Argued April 7, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Patrick J. Lavelle,* Special Assistant Attorney General, with him *Edward D. Werblun,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Gifford Cappellini,* with him *Raymond J. Sobota, Arthur L. Piccone,* and *Cardoni, Coslett, Cappellini, Sobota & Piccone,* for appellee.

OPINION BY JUDGE BLATT, October 27, 1978:

The Pennsylvania Department of Transportation (PennDOT) appeals here from an order of the Court of Common Pleas of Luzerne County which dismissed its exceptions to a verdict entered in favor of the estate of Stanley Croop (condemnee).

PennDOT, by a declaration of taking, condemned for road improvement purposes 5.31 acres of an 885 acre tract of land owned by the condemnee situate in Hunlock Township, Luzerne County. The portion of the property condemned consisted of frontage on both sides of U. S. Route 11 and was used for various commercial and residential uses. A board of viewers awarded the condemnee $195,000.00 in damages from which award both parties appealed. After a nonjury trial, the trial judge rendered a verdict of $445,000.00 in damages. Exceptions to the verdict were filed by PennDOT but the majority of the court below refused to consider their merits, having concluded that the exceptions were not timely filed. This Court reversed on appeal, holding that the exceptions had been timely filed, and we remanded for the lower court's consideration of the merits of PennDOT's exceptions.[1] Upon reargument, the lower court again dismissed the exceptions and this appeal followed.

Our scope of review in appeals of this nature is limited to a determination as to whether or not the trial court committed a manifest abuse of discretion or error of law and whether or not the verdict is against the clear weight of the evidence or the judicial process has worked a serious injustice upon the

---

[1] *See In Re: Condemnation, Croop Estate,* 25 Pa. Commonwealth Ct. 185, 359 A.2d 838 (1976).

appealing party. *Pennsylvania Game Commission v. Benek*, 32 Pa. Commonwealth Ct. 133, 378 A.2d 497 (1977). PennDOT argues here that the lower court's verdict of $445,000 as just compensation for the property taken is excessive and against the weight of the evidence and that a new trial on the issue should be held.

PennDOT maintains that the lower court's verdict is grossly excessive in comparison to all the expert valuation testimony and the board of viewers' award and that, in reaching the verdict, the lower court gave undue weight to the valuation testimony of the property's life tenant and remaindermen. The valuation evidence presented in the lower court may be summarized as follows:

CONDEMNEE'S EXPERT VALUATION WITNESSES:

| | |
|---|---|
| Bryden S. MacIntyre (licensed realtor) | $190,000.00 |
| A. Hoyt Goode (licensed realtor) | $245,000.00 |

CONDEMNEE'S OTHER WITNESSES:

| | |
|---|---|
| James S. Croop (Remainderman) | $500,000.00 |
| Mary Lou Kaye (Remainderman) | $500,000.00 |
| Alice Jane Croop Farrell (Remainderman) | $600,000.00 |
| Mrs. Stanley C. Croop (Life Tenant) | $500,000.00 |

PennDOT'S EXPERT VALUATION WITNESSES:

| | |
|---|---|
| Robert J. Hoffman (licensed realtor and appraiser) | $101,000.00 |
| Chris C. Gardier, Jr. (licensed realtor and appraiser) | $104,100.00 |

Concerning the importance of a disparity between the lower court's verdict and the board of viewers' award, our Supreme Court has held that, while a trial court may consider such a disparity upon a motion for a new trial, that consideration is only one factor to be examined and is secondary to a review of the entire evidence presented at trial. *Tinicum Real Estate Holding Corporation v. Department of Transportation,* Pa. , 389 A.2d 1034 (1978); *Stoner v. Metropolitan Edison Co.,* 439 Pa. 333, 266 A.2d 718 (1970). Moreover, a mere disparity between these two awards is not sufficient grounds for granting a new trial. *Tinicum Real Estate Holding Corporation, supra; Bosniak v. Redevelopment Authority,* 20 Pa. Commonwealth Ct. 291, 341 A.2d 260 (1975).

The conflicting valuation evidence here was considered by the trial judge who, acting as the factfinder, must resolve conflicts in the testimony and weigh the credibility of the respective witnesses in determining the damages suffered by the condemnee. *Patterson v. County of Allegheny,* 15 Pa. Commonwealth Ct. 228, 234, 325 A.2d 484, 487 (1974). In reaching his verdict, the trial judge viewed the property, a factor which is to be given substantial weight by an appellate court. *Commonwealth v. Herold,* 17 Pa. Commonwealth Ct. 148, 330 A.2d 890 (1975).

Our review of the record indicates that there was evidence presented which the trial judge, exercising his own judgment, could use to support the verdict that he reached. Although the amount he ultimately awarded surpassed both the award of the board of view and the estimates of the expert witnesses, we do not believe that this alone is sufficient to warrant the reversal of the lower court. *See Stine v. Department of Transportation,* 26 Pa. Commonwealth Ct. 292, 364 A.2d 745 (1976).

The order of the lower court is affirmed.

310

ORDER

AND Now, this 27th day of October, 1978, the order of the Court of Common Pleas of Luzerne County, docketed at 1480 May Term 1968 (No. 1341 C.D. 1974), and dated April 5, 1977, is hereby affirmed.