The City of Philadelphia, Appellant *v.* Edward F. Keyser and Glenys Audrey Keyser, Appellees.

Argued April 4, 1979, before President Judge BOWMAN and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG and MACPHAIL. Judges CRUMLISH, JR., MENCER and DiSALLE did not participate.

272

*Agostino Cammisa*, Assistant City Solicitor, with him *James M. Penny, Jr.*, Deputy City Solicitor, *Edgar R. Einhorn*, Deputy City Solicitor, and *Sheldon L. Albert*, City Solicitor, for appellant.

*Donald H. Pugh*, for appellees.

OPINION BY JUDGE CRAIG, August 30, 1979:

This de facto condemnation appeal is from an order of the Court of Common Pleas of Delaware County, dismissing appellant City of Philadelphia's exceptions to a decision in favor of appellees, the Keysers. The lower court held that the City had taken the Keysers' property within the provisions of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq., as a consequence of the effect of air traffic to and from the City's International Airport, upon the property.

The City claims that the lower court erred, as a matter of law, in concluding that a de facto taking of the Keysers' property had occurred. The City contends that the property was not directly beneath the designated glide path, and that the flights allegedly were not so low and so frequent as to cause interference with the Keysers' use and enjoyment of the property.

Our scope of review, where the lower court has dismissed a party's exceptions, is limited to a determination of whether or not the trial court committed a manifest abuse of discretion or error of law, and whether or not the verdict is against the clear weight of the evidence. *Croop Estate v. Pennsylvania Department of Transportation*, 38 Pa. Commonwealth Ct. 305, 393 A.2d 41 (1978).

After a thorough review of the record of the proceedings below, we find that there is substantial competent evidence to support the lower court's decision, which well describes the evidence of interference the Keysers suffered with regard to the use and enjoyment of their property. Further, the lower court correctly interpreted the applicable law.

Contrary to appellant's contentions, this Court has never limited a de facto taking of an airflight easement to the factual situation of direct overflights.

In *Petition of Ramsey*, 31 Pa. Commonwealth Ct. 182, 375 A.2d 886 (1977), in negativing a taking, this Court's decision not only considered the distance of the property from the center line of the glide path and the end of the runway, but also was influenced by the height at which the jets flew near the premises, the type of jet scheduled for landings or takeoffs at the airport, and the fact that there was an average of only 3 landings and takeoffs per day.

The directness of the glide path over the property is but one factor to be considered by the court in evaluating the magnitude of the intrusion on the property, and the severity of the interference with the beneficial use and enjoyment of the property.

The facts, as found by the lower court in the instant case, are fully supported by the evidence and form a sufficient basis for the conclusion that a de facto taking had occurred on the Keysers' premises.

274

Appellant also takes issue with the amount of damages awarded, contending that the lower court disregarded certain expert testimony and incorrectly relied on other valuation testimony.

The trial judge, acting as factfinder, must resolve conflicts in the testimony and weigh the credibility of respective expert witnesses. Here there was evidence presented which the trial judge, exercising his own judgment, properly used to support the amount of the verdict. *Croop Estate, supra,* 38 Pa. Commonwealth Ct. at 309, 393 A.2d at 43.

In conclusion, we affirm upon, and adopt, the opinion of Judge McGovern, dated September 30, 1976, which can be found at No. 3022 of 1970, of the Civil Division of the Court of Common Pleas of Delaware County.

President Judge Bowman concurs in the result only as to damages.

ORDER

AND Now, this 30th day of August, 1979, the order of the Court of Common Pleas of Delaware County, dated September 30, 1976, is affirmed on the opinion of the lower court at No. 3022 of 1970, Civil Division of the Court of Common Pleas of Delaware County.