## Clemens v. Philadelphia Electric Company

*C. Stephen Vondercrone, Jr.,* for plaintiffs.
*Edward J. Hughes,* for defendant.

STEFAN, *J.,* April 29, 1981 — On July 23, 1973, Philadelphia Electric Company (condemnor) resolved to appropriate a 6.732-acre right-of-way, for the construction and maintenance of a 500 kV electric transmission line, over the Clemens' (condemnees) 60.269-acre farm, located in Franconia Township, Montgomery County, Pa. The Pennsylvania Public Utility Commission authorized this

exercise of the power of eminent domain by Certificate of Public Convenience, entered June 5, 1978. Condemnees filed a petition for the appointment of a board of view on August 3, 1978, and the board conducted its hearing on January 16, 1979.

Condemnees appealed from the report and award of the board of view and the matter proceeded to trial by jury before the undersigned on August 13, 1980. The jury returned a verdict in favor of condemnees in the amount of $85,000. Condemnor then filed exceptions and a motion for new trial. After argument before the court en banc and consideration of briefs, the court concludes condemnor's motion for new trial must be granted.

Although condemnor cites 11 points of error in support of its motion for new trial, the parties limited their argument to condemnor's contention that the court erred in allowing condemnees' real estate appraiser to testify, over objection, to specific items of damage to the subject property. Plaintiffs' valuation witness, Kenneth Grosse, testified that, in forming his opinion as to the fair market value of the Clemens' property before and after the taking, he divided the tract into separate parcels according to the highest and best use to which each portion of the property was suited. The witness then testified to sales of properties similar to each section of the tract, so divided. After the witness had arrived at a value for each section, he added the figures in determining the before and after values of the entire premises. Condemnor argues this testimony should have been stricken as violative of the "unit rule."

Section 705 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, 26 P.S. § 1-705, states:

"(2) A qualified valuation expert may testify on direct or cross-examination in detail as to the valu-

ation of the property on a comparable market value . . . basis, which testimony may include but shall not be limited to the following:

(i) The price and other terms of any sale or contract to sell the condemned property or comparable property made within a reasonable time before or after the date of condemnation."

However, the presentation of evidence of comparable sales long has been limited by the rule that "the proper method of determining the measure of damages . . . is to obtain the difference in the market value of the tract as a whole before the taking and afterwards as affected by it and not the addition of the separate values of each item constituting the property." Spiwak v. Allegheny County, 366 Pa. 145, 147, 77 A. 2d 97, 98 (1950) [Emphasis supplied].

In North Side Deposit Bank v. Urban Redevelopment Authority of Pittsburgh, 1 Pa. Commonwealth Ct. 274, 274 A. 2d 215 (1971), the Commonwealth Court interpreted Section 705 of the Eminent Domain Code of 1964, supra, as abolishing the "unit rule." However, the court limited its interpretation, noting that "where the issue involved is not allocation of damages but rather what items can be looked to in determining damages, the former rule applie[s] that an appraiser [can]-not give a break-down of the dollar value assigned to each element he considered in determining his estimates of value." In Re Condemnation by Commonwealth, Department of Transportation, of Right of Way for Legislative Route 1088, Section A10 (Appeal of Dannermann), 44 Pa. Commonwealth Ct. 445, 449, 404 A. 2d 725, 727, 728 (1979).

In appeal of Dannermann, supra, the taking severed the original tract, leaving two unconnected

parcels. Condemnees' valuation witness was asked what elements he considered in fixing the before and after value of the subject property. When the witness responded that he divided the property into two portions and valued one portion at $62,000 in determining his "before value," the lower court sustained condemnor's objection that the testimony violated the "unit rule." Affirming the lower court's dismissal of motions for a new trial, the Commonwealth Court concluded that:

" . . . the trial court correctly excluded the dollar value of the two parcels which Plaintiffs' expert witness considered in arriving at his before and after market values. . . . Although the witness could certainly consider in his own mind the value of the subject property as two separate parcels, he could not testify as to the actual dollar value he assigned to each of those tracts. Under our holding in North Side Deposit Bank, such testimony would be purely speculative."

After reviewing the record in the instant action in light of the Commonwealth Court's decision in Appeal of Dannermann, the court concludes condemnor's motion for new trial must be granted. Accordingly, we enter the following

## ORDER

And now, April 29, 1981, after argument before the court en banc and consideration of briefs, defendant's motion for new trial is granted.