**William E. WITHERS and Karen F. Withers, Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Aug. 26, 1983.

William L. Wiesman, Owensboro, for appellants.

Allen L. Condra, Transp. Cabinet, Dept. of Highways, Madisonville, for appellee.

Before WHITE, WILHOIT and DUNN, JJ.

DUNN, Judge.

This is an appeal from the Muhlenberg Circuit Court's order denying interest on the balance due on an agreed judgment to the appellants, the defendants, in a condem-nation action against them brought by the Commonwealth of Kentucky, Department of Transportation, Bureau of Highways, the appellee.

The court appointed commissioners found in their report that the damages to appellants' real estate as a result of the taking was $100,810.00 and that the total rental value of a temporary easement was $340.00. All the parties filed exceptions to the Commissioners' report. The total amount of $101,150.00 was deposited into court and taken down by the appellants-defendants pursuant to an interlocutory order and judgment entered March 9, 1981. Thereafter, on September 10, 1982, an "agreed order of settlement" in the amount of $275,000.00 was entered, the pertinent part of which is as follows:

1. The defendants shall recover of the plaintiff the sum of $275,000.00 as full compensation for the lands and materials condemned in this action. It appearing that the court commissioners herein awarded the sum of $101,150.00, and the plaintiff having deposited this amount with the clerk, said clerk is hereby authorized and directed to pay the commissioners' award to the defendants, and the plaintiff shall pay the balance of $173,-850.00 in full satisfaction of this judgment.

On October 13, 1982, an order of satisfaction was entered in the amount of $173,-850.00, the difference between the amount of the agreed settlement and the amount taken down by the appellants-defendants. It was as follows:

The Commonwealth of Kentucky having satisfied their Judgment herein by payment to the Muhlenberg Circuit Court Clerk's Office in the sum set out in the Judgment herein without payment of interest and this Court being sufficiently advised,

IT IS HEREBY ORDERED that the Muhlenberg Circuit Court Clerk shall pay said sum to William E. Withers and Karen F. Withers, said sum being in the amount of $173,850.00.

This the 13th day of October, 1982.

Appellants on October 28, 1982 moved for interest of $1,943.31, representing interest at 12% from the date of the agreed settlement order, September 10, 1982, until the balance due was paid on October 14, 1982. They also moved for $56.00 in court costs. An order denying the request for interest was entered on November 19, 1982.

Appellants rely on K.R.S. 360.040 that they are entitled to interest at 12% on the agreed settlement. They argue that the statute was intended to encourage the prompt payment of judgments and thus minimize a judgment creditor's loss from denial of the use of the money due.

█ This argument, however, ignores several basic principles with regard to compromise and settlement of claims. The primary object in the construction of a compromise agreement is to arrive at and effectuate the intention of the parties, which, when the agreement is in writing, is to be determined from the writing itself. Where the agreement fixes no time for performance, the law implies a reasonable time. 15A C.J.S., *Compromise and Settlement*, § 21 and § 45 (1967).

█ The parties compromise agreement as stated in the trial court's order provided that "the plaintiff shall pay the balance of $173,850.00 in full satisfaction of this judgment." No interest was provided nor was a time for performance fixed. Following the rules in these instances, we hold that no interest was owed and that performance by the appellee within 33 days from the entry of the order of agreed settlement was reasonable.

We conclude, therefore, that the payment of $173,850.00 was in complete satisfaction of the balance due to appellants as reflected in the trial court's order to this effect entered on October 13, 1982. We further conclude there was no error in the trial court denying interest on that sum to the appellants. The issue of the $56.00 court costs was not presented to us on appeal and it is not necessary that we address either that issue or, in view of our basic conclusion, the issue of the general statutory interest provision of 12% vis-a-vis the specific statutory interest provision of 6% applicable in condemnation actions. Obviously the 6% specific provision of K.R.S. 416.620(5) controls.

The decision of the Muhlenberg Circuit Court is AFFIRMED.

All concur.