Eugene Brady, Appellant *v.* Borough of Dunmore, Appellee.

Eugene Brady, Appellant *v.* Borough of Dunmore, Appellee.

Argued April 4, 1984, before President Judge CRUMLISH, JR. and Judges MACPHAIL and COLINS, sitting as a panel of three.

Paul A. Barrett, Nogi, O'Malley, Harris & Schneider, P.C., for appellant.

Lawrence A. Durkin, Tellie, Durkin, Weinberger, Murphy & Piazza, P.C., for appellee.

OPINION BY JUDGE COLINS, August 3, 1984:

Eugene Brady (claimant) appeals from two final orders of the Court of Common Pleas of Lackawanna County, holding that: (1) claimant's job-related injury did not qualify for compensation under a Collective Bargaining Agreement, effective January 1, 1973; and (2) claimant was not entitled to benefits under the Heart and Lung Act[1] after October 23, 1973. We affirm.

Claimant was a full-time salaried fireman with the Dunmore Borough Fire Department from 1964 until December 28, 1972. On that date, while fighting a fire, claimant suffered a heart attack and was hospitalized. Mr. Brady never returned to work after that date.

On February 15, 1973 claimant filed a claim with the Workmen's Compensation Appeal Board seeking compensation pursuant to Section 108(o) of the Occupational Disease Act.[2] In a decision rendered on November 1, 1973, the Board found that Mr. Brady

---

[1] Act of June 28, 1935, P.L. 477, as amended, May 31, 1974, P.L. 309, No. 99.

[2] Act of June 21, 1939, P.L. 566, as amended, 77 P.S. §1208(o).

had become totally disabled as a result of the heart attack and that pursuant to the provisions of the Heart and Lung Act, he should be paid his regular wages by the Borough of Dunmore from December 28, 1972 to October 23, 1973. Further, the Board found that Mr. Brady fell within Section 108(o) of the Occupational Disease Act, that the Commonwealth should pay the full amount of compensation disability under the Act and that the Borough is entitled to collect from Mr. Brady that proportional amount of the award paid pursuant to the Heart and Lung Act. Mr. Brady took no appeal from this decision. In November of 1973 claimant filed an application for a disability pension under the Firemen's Pension Ordinance of 1955, which was denied by the Borough due to the fact that he had not served the requisite minimum time of twenty (20) years as a paid fireman.

Mr. Brady then requested compensation from the Borough pursuant to Article VIII[3] of the Collective Bargaining Agreement of 1973. His request for compensation pursuant to Article VIII was denied on March 15, 1974. The Borough determined that Article VIII did not apply to Mr. Brady. In April, 1974, Mr. Brady began receiving Social Security disability benefits. Claimant filed the instant action alleging a

---

[3] The Collective Bargaining Agreement between the Borough and the Union was signed on February 14, 1973 and provides in Article VIII:

Whenever a member of the Fire Department is incapacitated from duty because of an injury sustained in the performance of his duty, he shall be entitled to injury leave with full pay during the period which he is unable to perform his duties or until such time as he has been accepted for retirement by the Firemen's Pension System. The Borough shall be entitled to offset benefits paid to said member under the Workmen's Compensation Act or Heart and Lung Act in accordance with provisions for such offsets contained in the aforesaid legislation.

breach of the 1973 agreement. The Borough also filed an action to recover the amount of workmen's compensation benefits paid to Mr. Brady by the Commonwealth and said amount was found to be due and owing to the Borough. Claimant counterclaimed on that suit for payments under the Heart and Lung Act from October 23, 1973 to the present time. The two lawsuits were consolidated for trial and heard by the Honorable JAMES M. MUNLEY in the Court of Common Pleas of Lackawanna County. The Trial Court found in favor of the Borough of Dunmore in both cases. Claimant filed exceptions to the opinion and order which were denied by the Trial Court on May 4, 1982. It is from that determination that claimant appeals to this Court.

*I.*

The first issue presented concerns whether claimant's disability is compensable under Article VIII, Paragraph A of the Collective Bargaining Contract effective January 1, 1973,[4] or under the previous agreement which was in effect on December 28, 1972.

It is undisputed that the injury occurred on December 28, 1972, four days prior to the new agreement's effective date. Claimant contends that the date of the onset of the disability is irrelevant and that any disability existing during the effective period of the Collective Bargaining Agreement starting on January 1, 1973 would be covered by Article VIII, Paragraph A.

Here we have two separate and distinct contracts. One is in effect from January 1, 1970 to December 31, 1972; the second ran from January 1, 1973 to Decem-

---

[4] The Collective Bargaining Agreements in question were between the International Association of Firefighters, Local 860, AFL-CIO and the Borough of Dunmore, Lackawanna County, Pennsylvania.

ber 31, 1975. Mr. Brady alleges that his injury should fall under the Collective Bargaining Agreement effective January 1, 1973 as that contract was the first agreement which provided for wage continuation benefits whenever a firefighter is incapacitated from duty because of an injury sustained during the performance of his job. He admits that the second contract cannot be applied retroactively, but contends that the language of the Collective Bargaining Agreement provides benefits for incapacity from duty whenever the incapacity occurred, irrespective of whether the occurrence which gives rise to the incapacity predates or postdates the effective date of the Collective Bargaining Agreement. We disagree. If the parties to the Collective Bargaining Agreement had intended to include those firemen who had been injured prior to the effective date of the contract, they could have said so. Since they did not, we must conclude that that was not their intent. It should also be noted that the Collective Bargaining Agreement of 1973 was not signed until February 14, 1973. Thus, claimant's status was known at the time that the contract was signed and if the Union and the Borough had meant to include a case such as Mr. Brady's, they would have been able to precisely include such a circumstance.

The claimant's assertion that Article VIII could have been more artfully drafted is well-taken. However, we are guided by the well-settled law of contracts that parties write their own contracts, and the function of the Court is to interpret those contracts and to enforce them as made. *See Borough of Ambridge Water Authority v. Columbia,* 458 Pa. 546, 328 A.2d 498 (1974).

Accordingly, the decision of the Court below that claimant's injury was not covered by the Collective Bargaining Agreement effective January 1, 1973, must be affirmed.

## II.

Mr. Brady next contends that the Court below erred in determining that he was not eligible for Heart and Lung Act benefits from and after October 23, 1973 because his disability was no longer temporary, but permanent. The Act provides, in pertinent part, that:

any . . . fireman . . . of any County, City, Borough, town or township, who is injured in the performance of his duties . . . and by reason thereof is *temporarily* incapacitated from performing his duties, shall be paid . . . by the . . . municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased.[5] (Emphasis added.)

The language of the act specifically provides benefits for temporary and not permanent disability.

Questions as to the sufficiency of proof are ordinarily within the discretion of the Trial Court and will not be reviewed by an appellate court unless there is a clear absence of proof to support the ruling. *City of Philadelphia v. Keyser,* 45 Pa. Commonwealth Ct. 271, 407 A.2d 55 (1979). Pennsylvania courts have long recognized the broad discretion given to the fact-finding Trial Court, that is a judge sitting without a jury. *Luria v. Robbins,* 233 Pa. Superior Ct. 456, 302 A.2d 361 (1973).

The record indicates that Mr. Brady sustained his heart attack on December 28, 1972 and never returned to work. Appellant's own assertion of his status was that he was totally, permanently disabled. Mr. Brady applied for and received Social Security total permanent disability status and benefits. Mr. Brady never requested to return to work, nor did he assert that he was well enough to return to work. Further,

---

[5] 53 P.S. §637(a).

Mr. Brady offered no evidence refuting the claims of the Borough that he was permanently disabled.

The Trial Court's determination of permanent disability is unquestionably supported by the evidence on the record below.

Accordingly, we affirm.

### ORDER IN 33 T.D. 1982

AND Now, August 3, 1984, the decision and order of the Court of Common Pleas of Lackawanna County, No. 576, March Term, 1977, dated May 4, 1982, are hereby affirmed.

### ORDER IN 34 T.D. 1982

AND Now, August 3, 1984, the decision and order of the Court of Common Pleas of Lackawanna County, No. 172 May Term, 1978, dated May 4, 1982, are hereby affirmed.