**Snyder v. Nationwide Insurance Company**

*Joseph F. Roda,* for plaintiff.
*James C. Haggerty,* for defendant.

GEORGELIS, *J.,* August 2, 1995—Before us are cross motions for summary judgment of both the plaintiffs and the defendant. They raise the issue of the timeliness of the payment of the proceeds for the settlement of an underinsured motorist claim. The defendant's motion will be granted. The relevant factual and procedural history of the case is the following.

This action arises from an automobile accident on June 11, 1986, in which the plaintiff, Helen Snyder, was injured. The car in which she was riding was insured by the defendant under a policy which provided underinsured motorist benefits of $100,000. As a result of the accident and the injuries suffered by Helen Snyder,

the plaintiffs made a claim against the defendant for UIM benefits.

The defendant decided to pay the policy limits of $100,000 in exchange for the plaintiffs' execution of a release, and, on May 3, 1991, Nationwide's counsel sent plaintiffs' counsel a letter advising him of that decision. Enclosed with the letter was the release. Plaintiffs' counsel received the correspondence on May 6, 1991 and changed some of the language contained in the release. The plaintiffs signed the amended release, and, on May 9, 1991, it and an accompanying cover letter were delivered to defendant's counsel. The release was then forwarded to defendant's legal department and, after the altered release was approved, a check was mailed on June 3, 1991 and was received by the plaintiffs on June 7, 1991.

The plaintiffs' complaint was filed on March 1, 1993 and alleges three counts of breach of contract, one count of unjust enrichment and one count of bad faith. The defendant removed the case to the United States District Court, Eastern District of Pennsylvania, and the plaintiffs filed a motion for remand, which was granted. Subsequently, the defendant filed preliminary objections, all of which were overruled, except for the objection to the claim for punitive damages. The plaintiffs have filed a motion for class certification, and both parties have stipulated that a hearing on that motion should await disposition of the motions before us.

We begin our analysis by identifying the appropriate standard for deciding a summary judgment motion. A summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).

The cross motions for summary judgment present the issue of whether, when a settlement contract is silent as to when payment is due, the defendant's payment, one month after receipt of the signed release, constitutes a breach of contract. Both parties agree that Pennsylvania contract law controls the outcome of this issue. The plaintiffs contend that the defendant was required to render the settlement check contemporaneously with the delivery of the signed release and that its failure to do so constituted a breach of the settlement contract. They are seeking interest and bad faith damages. The defendant asserts that the law permitted the check to be issued within a reasonable period of time after the receipt of the release and maintains that it did so, given the circumstances and the nature of the business.[1]

In support of their contention, the plaintiffs cite three cases in which the courts held that there is an implied condition that, absent contractual terms to the contrary, payment is to occur upon completion of a job. *Ingrassia Construction Co. Inc. v. Walsh,* 337 Pa. Super. 58, 68, 486 A.2d 478, 484 (1984); *Green Construction Co. v. Department of Transportation,* 164 Pa. Commw. 566, 587, 643 A.2d 1129, 1140 (1994); *Commonwealth General State Authority v. Loffredo,* 16 Pa. Commw. 237, 247, 328 A.2d 886, 893 (1974). Although we agree

---

1. Since we agree that the defendant issued the check within a reasonable period of time and will grant its motion for summary judgment on that ground, we will not address the merits of its arguments pertaining to accord and satisfaction and the release barring the instant action.

that these cases applied an "immediate" time standard for performance, we do not believe that this standard is applicable to the instant case.

Pennsylvania contract law requires that, if parties do not specify the time of performance, it is implied that it shall be done within a reasonable time, depending on the circumstances and the nature of the business. *Commonwealth v. Pendleton,* 480 Pa. 107, 113, 389 A.2d 532, 534-35 (1978); *Field v. Golden Triangle Broadcasting, Inc.,* 451 Pa. 410, 418-19, 305 A.2d 689, 694 (1973). However, in a limited number of cases, where the performance at issue under the contract was payment for compensation, courts have held that immediate payment is required.[2] Clearly, the instant case does not deal with compensation for services or worked performed, and we do not believe, therefore, that the "immediate" time standard is applicable.

In addition to the cases involving contracts for compensation of services, the plaintiffs rely on another line of cases to support their contention that the applicable standard is "immediate" performance. However, we find these cases are also factually distinguishable from the matter sub judice.

In *Harrison v. Atlee,* 38 Pa. Super. 241, 242 (1909), the plaintiff sold the defendant bonds and entered into a contract which provided that the plaintiff/seller would carry the bonds and that the defendant/buyer would pay interest on the purchase price. After 14 months had elapsed and the defendant failed to pay for the

---

2. As noted by the defendant, the cases cited by the plaintiffs involving time of payment for compensation are essentially applying the "reasonableness" time standard and holding that what is reasonable, under the circumstances in those cases, is immediate payment.

bonds, the plaintiff sold them and brought suit to recover the difference between the contract price and the price brought at sale. *Id.* Although the court noted that, when no time is specified in a note or other obligation for payment, the parties are presumed to have intended that the money should be payable immediately, it also inferred that the contract could be read to permit postponement of payment for the bonds for a reasonable period of time. *Id.* at 244. The court did not consider this issue, because 14 months had passed and the defendant/buyer never denied that they were given a reasonable period of time to render payment. *Id.*

Likewise, *Reading Housing Authority v. Zielinski,* 41 Berks Co. L.J. 100 (1948), dealt with the sale of bonds, which were secured by assessments which the defendant, City of Reading, failed to take efforts to collect. After 15 years had elapsed, the plaintiff, Reading Trust Company, brought suit contending that, although there was no maturity date fixed in the bonds, the parties nevertheless contemplated that they would be redeemed within a reasonable period of time. *Id.* at 106. The court, applying the reasoning advanced in *Harrison,* noted that the defendants did not deny that they were given a reasonable time, as fifteen years had passed since the bonds were issued. *Id.*

The above two cases fail to support the plaintiffs' contention that the defendant was obligated to deliver the settlement check on the same day they delivered the executed release. First, the cases are factually distinguishable in that they deal with payment for purchases of bonds and in that the plaintiffs instituted suit only after a substantial amount of time had elapsed and they had not received payments. In the instant case, the de-

fendant did perform its obligation under the agreement and did so within one month. Moreover, the courts in both cases inferred that they would have considered judging the defendants' failure to act under a "reasonable" time standard, but it was not applicable given the facts.

The final case relied on by the plaintiffs, *Rhone, Trustee v. Keystone Coal Co.,* 250 Pa. 336, 95 A. 550 (1915), is inapposite, as it involved the nonpayment of a loan. In *Rhone,* the primary issue concerned whether, when an agreement to lend money fails to specify a time for repayment, the agreement could be construed to be a loan for an indefinite period of time. The court noted, "[a]n agreement to lend money without a period fixed at which repayment is to be made is not an agreement for a perpetual loan although the parties may have stipulated that while the indebtedness existed interest should be paid. To hold that this contract was an agreement on the part of the plaintiff that he would never call for the payment of the debt as long as the interest was paid is to attach to it a condition not expressed in the letters between the parties, nor inserted into the contract by legal implication." *Id.* at 339-40, 95 A. at 531.

In the instant case, the defendant is not asserting that it had an indefinite period of time to render the settlement check, but rather that it had a reasonable time to do so. Moreover, as opposed to the defendant in *Rhone,* the defendant in the instant case was not making payment because of a loan, but rather as a result of a settlement agreement.

The plaintiffs' contention that the defendant's obligation to tender the settlement check arose immediately upon the delivery of the signed release is unsupported

by Pennsylvania contract law. The limited authority which they cite fails to support their contention. However, as noted in the above cases, numerous more recent cases hold that, where parties to a contract do not indicate in the contract that time is of the essence, the court will infer that the parties intended a reasonable time for completion of performance. *Commonwealth v. Pendleton, supra* at 113, 389 A.2d at 535; *Field v. Golden Triangle Broadcasting, Inc., supra* at 418-19, 305 A.2d at 694; *Wilcox v. Regester,* 417 Pa. 475, 481, 207 A.2d 817, 820 (1965); *L.C.S. Colliery Inc. v. Globe Coal Co.,* 369 Pa. 1, 11, 84 A.2d 776, 782 (1951); *Glover v. Grubbs,* 367 Pa. 257, 259, 80 A.2d 75, 76 (1951); *Orlowski v. Moore,* 198 Pa. Super. 360, 363, 181 A.2d 692, (1962).

We believe that the "reasonable" time standard is the proper standard to be used to determine if the defendant breached the settlement contract with the plaintiffs.[3] If the parties intended that time was of the essence and that payment was due immediately, they could have stated this in their contract. "[P]arties write their own contracts, and the function of the court is to interpret those contracts and to enforce them as made." *Brady v. Borough of Dunmore,* 84 Pa. Commw. 331, 335,

---

3. Although our courts have not reported any cases directly on point, other jurisdictions have dealt with time of performance under agreements to settle and have ruled that, where the agreement fixes no time for performance, the law implies a reasonable time. See *Withers v. Commonwealth, Department of Transportation, Bureau of Highways,* 656 S.W.2d 747 (Ky. App. 1983); *Sosa v. Velvet Dairy Stores Inc.,* 407 S.W.2d 615 (Mo. 1966); *Hall v. People Health Foundation Inc.,* 493 F.2d 311 (2d. Cir. 1974); *City and County of Honolulu v. Kam,* 402 P.2d 683 (Haw. 1965).

479 A.2d 59, 61 (1984). In the instant case, the contract consists of two letters exchanged by the parties. The first letter, dated May 3, 1991, was sent from defendant's counsel to plaintiffs'. counsel. This letter constituted the offer and stated that the defendant had agreed to pay the policy limits and that a release was enclosed. The second letter, the acceptance, dated May 9, 1991, is from the plaintiffs' counsel to the defendant's counsel and stated that the signed release was enclosed. The contract did not address the time of performance.

The paramount goal of contractual interpretation is to ascertain and give effect to the intent of the parties; in determining the intent of the parties to a written agreement, a court must look to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly. *PBS Coals Inc. v. Burnham Coal Co.,* 384 Pa. Super. 323, 328, 558 A.2d 562, 564 (1989). Since neither party indicated in the correspondence that time was of the essence, we are unwilling to re-write the contract and add such a term. Rather, as noted above, it is well-settled that, where the parties fail to address the time of performance, the court will infer that the parties intended a reasonable time for completion of performance.

What is a reasonable time depends on the nature of the business and the circumstances of each case. *Orlowski v Moore, supra* at 363, 181 A.2d at 693; *Field v. Golden Triangle Broadcasting Inc., supra* at 419, 305 A.2d at 694. In *Withers v. Commonwealth, Department of Transportation,* 656 S.W.2d 747, 749 (1983), a settlement agreement was entered on September 10, 1982. The balance due on the agreement was not paid, however, until October 14, 1982, 33 days

later. *Id.* The plaintiff sought interest for the delay. The court, however, summarily rejected the claim, finding that "performance by the appellee within 33 days from the entry of the order of agreed settlement was reasonable." *Id.* We find this reasoning persuasive.

There is no dispute between the parties that the plaintiffs' counsel hand delivered an executed release to the defendant's counsel on May 9, 1991. Nor is it disputed that the plaintiffs' counsel received the settlement check on June 7, 1991. We find that, given the nature of the insurance business, one month is a reasonable period of time for the defendant to perform its obligation under the contract. This is especially true given the fact that the plaintiffs' counsel altered the language of the release before the plaintiffs signed and delivered it to the defendant. Although the plaintiffs argue that the change was minor, it nonetheless constituted a change which had to be considered and approved by the defendant before it could issue a check. Thus, it was necessary for the defendant's counsel to forward the release to the defendant's legal department to obtain approval of the revision. We conclude that one month, especially in light of the modification to the release and the subsequent necessary measures taken for the defendant to approve such modification, was a reasonable time period as a matter of law.

There being no genuine issue as to any material fact and having concluded that Pennsylvania contract law requires only that the defendant tender the settlement check within a commercially reasonable period of time and that one month is reasonable given the circumstances, we believe that the defendant is entitled to summary judgment.

Accordingly, we enter the following:

ORDER

And now, August 2, 1995, for the reasons stated in the foregoing opinion, the motion for summary judgment of the defendant, Nationwide Insurance Company, is granted. The motion for summary judgment of the plaintiffs, Lawrence and Helen Snyder, is denied. We enter summary judgment in the defendant's favor and against the plaintiffs, thereby dismissing the complaint.