RENDERED:  JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1011-MR

ALICIA ENGLAND                                                                    APPELLANT

v.
APPEAL FROM LOGAN CIRCUIT COURT
HONORABLE TYLER L. GILL, JUDGE
ACTION NO. 16-CI-00023

RICARDO FEDERICO AND KAROL                                      APPELLEES
FEDERICO

OPINION
AFFIRMING IN PART
AND REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; KRAMER AND McNEILL, JUDGES.

McNEILL, JUDGE:  The appellant, Alicia England (hereafter "Buyer"), and

appellees, Ricardo and Karol Federico (hereafter the "Sellers"), entered into an

installment land contract for the sale of land and a mobile home located on the

property in August of 2005.  Although the "purchase price" was stated as

$69,000.00, the contract also contained the following provision:

(a) Balance payable in (276) monthly installments of six-hundred five dollars ($605.00) each, with the first installment being due and payable on the 1st day of September, 2005 and a like payment on the first day of each month thereafter until the 1st day of September, 2028, when the final payment shall be due. <u>No interest</u>.

(Emphasis in original.)

It is undisputed that the Sellers drafted the contract. Neither party hired an attorney or realtor prior to completing the transaction. It is also undisputed that the Sellers continued to pay a significant amount of property taxes and insurance premiums for the property after Buyer took possession pursuant to the contract. After Buyer paid the $69,000.00 purchase price, she filed suit in Logan Circuit Court to enforce the contract and for an order granting her title to the property. Sellers responded by arguing that the total sum payable under the terms of provision (a) of the contract was 276 multiplied by $605.00, which equates to $166,980.00. According to the trial court's interim findings of fact and tentative conclusions of law, the Sellers argued that the difference in the payment amounts served as profit for the Sellers.

After a bench trial, the trial court determined that the contract was ambiguous. In its final judgment incorporating its interim order by reference, the court concluded that "there was no meeting of the minds concerning interest, financing, or what the monthly payments represented." The court ultimately held

that the contract was void and unenforceable from the beginning. The court did not discuss title, possession, or recoupment of payments made by either party. Buyer appealed to this Court as a matter of right. For the following reasons, we affirm the trial court in part and remand for further proceedings.

## I. STANDARD OF REVIEW

Our standard of review of findings of fact made by the trial court after a bench trial is whether they are clearly erroneous. CR[1] 52.01. The trial court's conclusions of law are subject to a *de novo* review. *Gosney v. Glenn*, 163 S.W.3d 894, 898 (Ky. App. 2005).

## II. ANALYSIS

Buyer's argument on appeal is that the trial court erred in its interpretation of the contract at issue and by refusing to order the Sellers to execute a deed in favor of Buyer. We begin by noting that neither party has cited to the video record of the bench trial or any other relevant hearing in this case. Therefore, either the parties have failed to comply with CR 76.12(4)(c), or they do not believe that any of the video proceedings before the trial court are relevant for our determination. In any event, we elect to proceed to addressing the merits. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted). The relevant law determinative of the present issue is as follows:

---

[1] Kentucky Rules of Civil Procedure.

> Where a contract is ambiguous or silent on a vital matter, a court may consider parol and extrinsic evidence involving the circumstances surrounding execution of the contract, the subject matter of the contract, the objects to be accomplished, and the conduct of the parties. Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence. A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations. The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms. Generally, the interpretation of a contract, including determining whether a contract is ambiguous, is a question of law for the courts and is subject to *de novo* review. However, once a court determines that a contract is ambiguous, areas of dispute concerning the extrinsic evidence are factual issues and construction of the contract become subject to resolution by the fact-finder.

*Cantrell Supply, Inc. v. Liberty Mutual Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) (citations omitted). Accordingly, "[t]he primary object in construing a contract or compromise settlement agreement is to effectuate the intentions of the parties." *Id*. at 384 (citing *Withers v. Commonwealth, Dep't of Transportation*, 656 S.W.2d 747, 749 (Ky. App. 1983)). Also, it is well-established that contractual contradictions and ambiguities are typically construed against the drafter. *Majestic Oaks Homeowners Ass'n, Inc. v. Majestic Oaks Farms, Inc.*, 530 S.W.3d 435, 441 (Ky. 2017) (citation omitted).

We agree with the trial court that the contract is ambiguous. It states a purchase price of $69,000.00 in the first paragraph of the agreement. The very

next paragraph, paragraph (a), provides a payment schedule which, if totaled, equates to $166,980.00. While it is rational to infer that the amount in excess of the purchase price constitutes interest to the benefit of the Sellers, the very last sentence of the payment schedule paragraph (a) states: "<u>No interest</u>." (Emphasis in original.) This creates an internal conflict within paragraph (a) and also creates conflict when read in concert with the purchase price paragraph. *See City of Louisa v. Newland*, 705 S.W.2d 916, 919 (Ky. 1986) ("Any contract or agreement must be construed as a whole, giving effect to all parts and every word in it if possible.").

It is axiomatic that financing terms are critical components of real estate purchase agreements. Therefore, it is reasonable to find ambiguity when such an agreement expressly states "<u>No interest</u>" but in the very same paragraph provides for a payment schedule the product of which is significantly in excess of the purchase price. We also note that "interest" is defined broadly as "[t]he object of any human desire; esp., advantage or *profit* of a financial nature[.]" *Interest*, BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added). Therefore, a disclaimer of "<u>No interest</u>" may reasonably be interpreted as "no profit." Accordingly, the material provisions at issue here are inconsistent enough to support a finding of ambiguity as a matter of law.

As previously cited, "once a court determines that a contract is ambiguous, areas of dispute concerning the extrinsic evidence are factual issues and construction of the contract become subject to resolution by the fact-finder." *Cantrell Supply, Inc.*, 94 S.W.3d at 385. After considering the parol evidence, including the parties' testimony, the trial court in the present case concluded that the contract could not be enforced. *See Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 106 (Ky. 2003) (in resolving ambiguity, "the court will gather, *if possible*, the intention of the parties[.]") (emphasis added and citation omitted). Accordingly, the court ultimately determined that the contract was void *ab initio*. Having considered the applicable law and the record presented, we cannot conclude that the court's factual findings constitute clear error or that it erred as a matter of law. Therefore, we affirm the trial court's judgment to the extent it determined that the contract is ambiguous and unenforceable.

However, we must remand the present case to the trial court for consideration of remedies. In general, where a contract is void *ab initio*, the parties are to be returned to the position each held prior to the transaction. *See Options Home Health of N. Fla., Inc. v. Nurses Registry & Home Health Corp.*, 946 F. Supp. 2d 664, 675 (E.D. Ky. 2013). Therefore, we remand for the trial court to consider any appropriate legal or equitable remedies including, but not limited to, title, possession, and recoupment of payments. As to the latter, the court may

impose a credit against the amounts paid by Buyer and award Sellers a judgment for any unpaid rent or, in the alternative, enter a judgment in favor of Buyer for any excess amounts paid.

### III. CONCLUSION

For the foregoing reasons, we hereby affirm in part the judgment of the Logan Circuit Court and remand for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Scott Bachert
Bowling Green, Kentucky